INHABITANTS OF EAST LIVERMORE

*vs.*

INHABITANTS OF FARMINGTON.

Androscoggin. Opinion October 20, 1882.

*Pauper. Residence. Voting.*

The fact of voting in a town is not conclusive evidence of the residence of the voter therein at the time. The act and the circumstances under which the vote is given are proper facts for the consideration of the jury.

ON REPORT on motion to set aside the verdict.

Action to recover sixty-three dollars expended by the plaintiffs as pauper supplies to Cyrus Chase, whose residence was alleged to be in the defendant town. The writ was dated January 17, 1881. The plea was general issue. The verdict was for the plaintiffs, and the defendants moved to set it aside,

alleging it to be against evidence, the weight of evidence and the law.

The material facts are stated in the opinion.

*Cyrus Knapp and George C. Wing*, for the plaintiffs.

*S. Clifford Belcher*, for the defendants.

The pauper having claimed and exercised the right to vote in New Sharon in September, 1872, and also in November, 1872, thereby abandoned his residence, if any he had, in Farmington. Constitution of Maine, article 2, § 1; R. S., 1871, c. 24, § 1, spec. 6; R. S., 1841, c. 32, § 1, spec. 6.

If he determines to become a citizen of the town in which he abides, his former residence ceases. *Hampden* v. *Levant*, 59 Maine, 557.

Evidence will be weighed by the court, on motion to set aside the verdict as against the weight of evidence, according to the rules of established law. *Goddard* v. *Cutts et al.* 11 Maine, 440.

APPLETON, C. J.    This case comes before us on a motion for a new trial.

The pauper had resided in the defendant town and voted there from 1868 to 1876, every year except 1872 when he voted at the September and November elections in New Sharon.

The following facts were proved by Cyrus Chase, whose settlement is in issue.   While residing in Farmington, he hired out in the spring of 1872, to labor during the season in New Sharon, having his chest of tools and winter clothes in the former town and with the intention of returning there, which intention he never abandoned.

He attempted to vote in Farmington, but being advised that he had a "voter's residence" in New Sharon, he returned and voted there.   It is claimed that thereby he lost his residence in Farmington.

The fact of voting in a town, while of importance as bearing on the question of settlement, is by no means conclusive.   The vote may be without right and fraudulent.   It may be through mistake on the part of the voter as to his legal rights.   The

fraud or the mistake may be that of the voter or of the officers of the town or of both. It is obvious that the fact of voting in a place is not and cannot be conclusive of the fact of residence. It is not binding on the town contesting his settlement. It is simply a fact, with the other facts in the case, to be weighed by the jury, and their conclusion is binding.

*Motion overruled.*

WALTON, BARROWS, DANFORTH, VIRGIN and PETERS, JJ., concurred.